# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY ANN REED** | **CIVIL ACTION** |
| **VERSUS** | **NO:  09-716** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** | **SECTION: "C" (1)** |

## ORDER & REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction in this original action.  The Court previously ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 3, seeking affirmative proof of the amount in controversy.  Both parties argued that the jurisdictional minimum was met.  Rec. Doc. 8; Rec. Doc. 13.  Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. LAW & ANALYSIS

Plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of <u>Allen-Perkins v. State Farm Fire & Casualty Ins.</u>, Civil Action No. 07-5204, to recover payment for property damage under her insurance policy with Defendant State Farm Fire & Casualty Insurance ("State Farm") following Hurricane Katrina.  Rec. Doc. 1-2.

---

[1]Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

Magistrate Judge Wilkinson, Jr. severed <u>Allen-Perkins</u>. Rec. Doc. 1-3. Plaintiff then filed an individualized amended complaint against State Farm. Rec. Doc. 1-1.

Parties may neither consent to nor waive subject matter jurisdiction. <u>Simon v. Wal-Mart</u>, 193 F.3d 848, 850 (5th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and diversity exists between all parties. 28 U.S.C. § 1332(a)(2007).[2] Most Fifth Circuit case law about amounts in controversy concerns cases removed from state court to federal court, unlike the present case. However, the Fifth Circuit and this Court have applied those procedures to other circumstances, such as declaratory judgment actions, <u>St. Paul Reins. Co., Ltd. v. Greenberg</u>, 134 F.3d 1250,1253 (5th Cir. 1998). Therefore, they may be instructive for actions originally brought in federal court such as the one before us.

In removal cases, the parties must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the <u>facts</u> in controversy that support a finding of the requisite amount. <u>Id.</u> (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1336 (5th Cir. 1995). The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if

---

[2]The parties do not dispute that diversity of citizenship exists. Plaintiff is domiciled in Louisiana, Rec. Doc. 1-1 at 1, and State Farm is domiciled in Illinois, Rec. Doc. 13 at 4-5.

inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982). The court may demand that the party justify the allegation by a preponderance of the evidence. McNutt, 298 U.S. at 189.

In response to the Court's Order, Rec. Doc. 3, plaintiff filed a memorandum that attempted to show that the jurisdictional minimum was met. Rec. Doc. 8. Plaintiff pointed to her policy limits of $189,800 for the structure, $100,000 for the contents, and actual loss for additional living expenses. Id. at 1. She stated that on August 29, 2005, Hurricane Katrina caused wind, rain, and flood damage to the roof, interior, and contents of her property, and that she was unable to use her property for an extended period. Rec. Doc. 1-1 at 2. She alleged that her policy was in effect at that time, that it was all-risk, and that it covered such damage. Id. Plaintiff also stated that the insurer owes her flood damages under a ruling that was effective at the time of filing, that is, the time at which the jurisdictional amount was to be determined. Rec. Doc. 8 at 2; Sher v. Lafayette Ins. Co., 973 So. 2d 39 (La. App. 4 Cir. 2007)(allowing flood damage to be claimed under insurance policies that were "ambiguous" in that they did not specify whether they covered "man-made" or "natural" or both types of "flood")(reversed in part, Sher v. Lafayette Ins. Co., 988 So.2d 186 (La. 2008)). Plaintiff did not provide a copy of the policy.

She estimated her property damage at $45,000 for the structure, $40,000 for the contents, and $5,000 for additional living expenses, but did not put forth proof of the damage. Rec. Doc. 8 at 1. Plaintiff alleged that State Farm has not made any payments to her. Id.

Additionally, plaintiff made a claim for penalties under La. R.S. §§ 22:658 and 22:1220[3], because State Farm's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. Plaintiff did not provide a factual description of State Farm's actions. Notably, no copy of a prerequisite proof of loss was provided as ordered.

State Farm also attempted to show that the jurisdictional minimum was met. Rec. Doc. 13. State Farm pointed to plaintiff's homeowners policy limits of $162,146 for the building, $121,610 for the contents, and actual loss for loss of use.[4] Id. at 5. State Farm stated that it made three payments to plaintiff under her homeowners policy amounting to $24,041.12: $20,588.12 for the building, $1,938 for the contents, and $1,515 for loss of use. Id. Subtracting the payments from plaintiff's policy limits, State Farm concluded that the amount in controversy was at least $272,229.88. Id. Finally, State Farm asserted that plaintiff sought penalties, attorney fees, and interest under La. R.S. §§ 22:658 and 22:1220. Id. at 6.

It is not facially apparent nor have the parties set forth facts to show that the jurisdictional minimum was met on the date of filing. To fulfill its duty to ensure it has proper jurisdiction over this action, the Court requires specificity from the parties. Fernandez v. Allstate Ins. Co., 2008 WL 314405, *2 (E.D. La. Feb. 1, 2008). First, the relevant inquiry concerns damage to the property, not the value of the property or the policy limit. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). Plaintiff put forth no facts to

---

[3]Effective Jan. 1, 2009, La. R.S. §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1973 respectively. See Acts 2008, No. 415 § 1.

[4]State Farm filed a supplemental memorandum stating that it also issued a flood insurance policy to plaintiff, with limits of $115,000 for the building and $36,500 for the contents. Rec. Doc. 14 at 2. This information did not alter State Farm's conclusion that this Court has jurisdiction over the matter. Id. Plaintiff did not mention the flood insurance policy in her memorandum on jurisdiction.

substantiate her $100,000 damage estimate. She may have met the proof threshold if she had

provided evidence implicating the limits of the policy, or if she had submitted damage

assessments or repair estimates for the property. Fernandez, 2008 WL 314405 at *2. See also

Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 (E.D. La. July 24,

1995)(calculating amount in controversy based on receipts, affidavits, and deductible contained

in insurance policy). Further, the Court cannot determine whether plaintiff's policy was

"ambiguous" beause no copy of it was provided. Therefore, Sher does not apply. 973 So. 2d 39.

   Second, the parties must do more than state that plaintiff made claims for statutory

penalties and present facts indicating the propriety of such penalties. Fernandez, 2008 WL

314405 at *2 (referring to Thompson v. Allstate Ins. Co., 2007 WL 763219, *1 (E.D. La. March

8, 2007)). The parties cited a Fifth Circuit case that held that a statutory penalty that required no

adjudication could be used to establish threshold jurisdiction. Rec. Doc. 8 at 1; Rec. Doc. 13 at

6; St. Paul Reins. Co, 134 F.3d at 1254. However, the St. Paul Reins. Co. Court, discussing a

Texas statute, did not hold that any claim for statutory penalties that would raise the amount in

controversy above the jurisdictional minimum would suffice. Moreover, the Louisiana statute

lists six specific actions that would constitute a "breach" and that require findings of fact. La.

R.S. § 22:1973(B)(1-6). The statute provides that one type of breach for which an insured may

recover penalties is "[f]ailing to pay the amount of any claim due any person insured by the

contract within sixty days after receipt of satisfactory proof of loss from the claimant when such

failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5). To indicate more

than the possibility of penalties, plaintiff could have presented facts indicating that State Farm's

actions constituted a breach under the statute. Again, no copy of a proof of loss has been

provided. Thus, based on the record and the law, the Court finds that the parties have not established subject matter jurisdiction.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

New Orleans, Louisiana, this 2nd day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE